AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT ☑ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

Making A False Statement To A Government Agency, in violation of 18 U.S.C. § 1001(a)(2)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Maximum Five Years Imprisonment, $250,000 Fine, Up To Three Years Supervised Release, $100 Special Assessment Fee

─── DEFENDANT - U.S. ───

▶ DANA W. STUBBLEFIELD

DISTRICT COURT NUMBER

─── DEFENDANT ───

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
If answer to (6) is "Yes", show name of institution

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)

S/A Jeff Novitzky, Internal Revenue Service-Criminal Investigation Division

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y ☐ Defense
☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Has detainer been filed?  ☐ Yes  ☐ No } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

Name and Office of Person Furnishing Information on THIS FORM   SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Matt Parrella/Jeff Nedrow/Jeff Finigan

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: January 18, 2008 at 9:30 a.m.

Before Judge: The Hon. Elizabeth D. Laporte, U.S. Magistrate Judge

Comments: TO BE FILED UNDER SEAL

SCOTT N. SCHOOLS (SC 9990)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DANA W. STUBBLEFIELD, <br><br> Defendant. | No. 08- 04 VHA <br><br> VIOLATION: Title 18, United States Code, Section 1001(a)(2) – False Statement to a Government Agency <br><br> SAN FRANCISCO VENUE <br><br>  |

INFORMATION

The United States Attorney charges:

Background

At all times relevant to this Information:

1. The defendant, DANA W. STUBBLEFIELD ("Stubblefield"), was a professional football player in the National Football League ("NFL"). In a letter dated November 7, 2003, and received by Dana Stubblefield on November 10, 2003, the NFL notified Stubblefield that he had tested positive for tetrahydragestrinone, or "THG." Defendant Stubblefield was suspended by the NFL for four games as a result of this positive test result.

2. Balco Laboratories, Inc. ("Balco"), was a California corporation performing

INFORMATION



1 blood-testing, among other functions. Balco was located in Burlingame, California.

2     3. Victor Conte ("Conte") was the president of Balco Laboratories. In his role as Balco president, Conte distributed performance-enhancing drugs and anabolic steroids to athletes, including a testosterone/epitestosterone cream, known as "The Cream;" a synthetic and undetectable steroid-like derivative, tetrahydragestrinone, also known as "THG," or "The Clear;" injectable human growth hormone; erythropoietin, or "EPO;" modafinil; clomid (an anti-estrogen medication used to help the body regenerate natural testosterone levels); injectable anabolic steroids; and oral anabolic steroids.

    4. A federal criminal investigation ("the criminal investigation"), led by the Internal Revenue Service-Criminal Investigation Division ("IRS-CID"), commenced in the Northern District of California concerning Balco's distribution of anabolic steroids and other illegal performance-enhancing drugs and the related money laundering of proceeds from the drug distributions.

    5. One focus of the criminal investigation, among others, concerned whether Balco and others were engaged in illegal drug distribution and money laundering arising from distributions of illegal drugs to professional athletes and others.

    6. As part of the criminal investigation, on or about September 3, 2003, a federal search warrant, issued in the Northern District of California, was executed at the Balco premises in Burlingame, California. Among other things, investigators obtained evidence concerning defendant Stubblefield and his relationship with Conte and Balco.

    7. As part of the criminal investigation, several athletes connected with Balco were interviewed in the Northern District of California. Some of those individuals testified before the grand jury sitting in the Northern District of California.

    8. As part of the criminal investigation, on November 13, 2003, defendant Stubblefield made statements to an IRS-CID special agent who asked defendant Stubblefield questions material to the Balco investigation about defendant Stubblefield's receipt and use of the performance-enhancing drugs commonly referred to as "the clear" and erythropoietin, or "EPO," and whether defendant Stubblefield had obtained these items from Victor Conte and

1. Balco Laboratories.

2. 9. Defendant Stubblefield submitted a urine sample to the NFL on July 31, 2003. Subsequent to his statements to the IRS, this sample tested positive for EPO.

COUNT ONE: (18 U.S.C. § 1001(a)(2) – False Statement to a Government Agency)

10. The factual allegations contained in paragraphs 1 through 8 above are incorporated herein as if set forth in full.

11. On or about November 13, 2003, in the Northern District of California, and elsewhere, in a matter concerning the criminal investigation in the Northern District of California, the defendant,

DANA STUBBLEFIELD,

in a matter within the jurisdiction of the IRS-CID, an agency of the United States, did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation to an IRS-CID special agent while in the course of his duties for IRS-CID by stating in sum and substance that:

(a) he had neither seen nor ingested the performance-enhancing drug referred to as "the clear;"

(b) he had neither seen nor been injected with the performance-enhancing drug referred to as erythropoietin, or "EPO;" and

(c) he had never received either item from Victor Conte and Balco Laboratories.

All in violation of Title 18, United States Code, Section 1001(a)(2).

DATED: 1-2-08

SCOTT N. SCHOOLS
United States Attorney

BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: _____)
AUSA NEDROW

INFORMATION                    3