SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYSBN 2040855)
JEFFREY D. NEDROW (CASBN 161299)
JEFFREY R. FINIGAN (CASBN 168285)
Assistant United States Attorneys

150 Almaden Blvd., Suite 900
San Jose, CA 95113
Telephone: (408) 535-5045
Facsimile: (408) 535-5066
Email: jeff.nedrow@usdoj.gov

Attorneys For Plaintiffs

FILED
JAN 3 - 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,  )   No. CR 08-04 WHA
                           )
    Plaintiff,              )
                           )   DECLARATION OF JEFFREY D.
    v.                      )   NEDROW IN SUPPORT OF UNITED
                           )   STATES' MOTION FOR SUMMONS
DANA W. STUBBLEFIELD,       )
                           )
    Defendant.              )
_____)

I, Jeffrey D. Nedrow, hereby declare as follows:

1.  I am an Assistant United States Attorney in the United States Attorney's Office assigned to the prosecution of this case. I have received the following information from agents employed by the Internal Revenue Service, Criminal Investigation Division and from reports and other documents provided to me by the IRS-CID.

2.  The defendant, DANA W. STUBBLEFIELD ("Stubblefield"), was a professional football player in the National Football League ("NFL"). In a letter dated November 7, 2003, and received by Dana Stubblefield on November 10, 2003, the NFL notified Stubblefield that he had tested positive for tetrahydragestrinone, or "THG." Defendant Stubblefield was suspended by the NFL for four games as a result of this positive test result.

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS

3. Balco Laboratories, Inc. ("Balco"), was a California corporation performing blood-testing, among other functions. Balco was located in Burlingame, California.

4. Victor Conte ("Conte") was the president of Balco Laboratories. In his role as Balco president, Conte distributed performance-enhancing drugs and anabolic steroids to athletes, including a testosterone/epitestosterone cream, known as "The Cream;" a synthetic and undetectable steroid-like derivative, tetrahydragestrinone, also known as "THG," or "The Clear;" injectable human growth hormone; erythropoietin, or "EPO;" modafinil; clomid (an anti-estrogen medication used to help the body regenerate natural testosterone levels); injectable anabolic steroids; and oral anabolic steroids.

5. A federal criminal investigation ("the criminal investigation"), led by the Internal Revenue Service-Criminal Investigation Division ("IRS-CID"), commenced in the Northern District of California concerning Balco's distribution of anabolic steroids and other illegal performance-enhancing drugs and the related money laundering of proceeds from the drug distributions.

6. One focus of the criminal investigation, among others, concerned whether Balco and others were engaged in illegal drug distribution and money laundering arising from distributions of illegal drugs to professional athletes and others.

7. As part of the criminal investigation, on or about September 3, 2003, a federal search warrant, issued in the Northern District of California, was executed at the Balco premises in Burlingame, California. Among other things, investigators obtained evidence concerning defendant Stubblefield and his relationship with Conte and Balco.

8. As part of the criminal investigation, several athletes connected with Balco were interviewed in the Northern District of California. Some of those individuals testified before the grand jury sitting in the Northern District of California.

9. As part of the criminal investigation, on November 13, 2003, defendant Stubblefield made statements to an IRS-CID special agent who asked defendant Stubblefield questions material to the Balco investigation about defendant Stubblefield's receipt and use of the performance-enhancing drugs commonly referred to as "the clear" and erythropoietin, or

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS
-2-

"EPO," and whether defendant Stubblefield had obtained these items from Victor Conte and Balco Laboratories. Specifically, defendant Stubblefield told an IRS-CID agent, in sum and substance, that: (a) he had neither seen nor ingested the performance-enhancing drug referred to as "the clear;" (b) he had neither seen nor been injected with the performance enhancing drug referred to as erythropoietin, or "EPO;" and (c) he had never received either item from Victor Conte and Balco Laboratories.

      10. Defendant Stubblefield submitted a urine sample to the NFL on July 31, 2003. As noted above, this sample tested positive for "the clear," or THG. In addition, subsequent to Stubblefield's statements to the IRS, this sample tested positive for EPO.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

      Executed January 2, 2008, at San Jose, California.

DATED: 1/2/08

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

JEFFREY D. NEDROW
Assistant United States Attorney
United States Attorney's Office

DECLARATION IN SUPPORT OF MOTION FOR SUMMONS     -3-